IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JANE DOE,                                          Civ. No. 6:23-cv-01098-MK

                    Plaintiff,                     **OPINION & ORDER**

        v.

STATE OF OREGON, et al.,

                    Defendants.

_____

AIKEN, District Judge.

    This case comes before the Court on a Motion for Emergency Injunction and
Request for Disability Accommodations, ECF No. 3, filed by *pro se* Plaintiff Jane Doe.

    "In deciding whether to grant a motion for a temporary restraining order
('TRO'), courts look to substantially the same factors that apply to a court's decision
on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension LLC v.
Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016). A preliminary injunction is an
"extraordinary remedy that may only be awarded upon a clear showing that the
plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7,

22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

In her motion, Plaintiff requests that the Court enjoin the City of Eugene and St. Vincent de Paul from evicting Plaintiff or any other homeless person from a parking program or any other homeless program. Plaintiff also requests that the Court order Defendants "to comply with allowances and provisions for our disabilities needs, including support workers and caregivers accommodations, for preparation in advance of our moves as well as during and after."

The Court has reviewed the filings in this case and concludes that Plaintiff have not carried her burden and has failed to make the showing necessary to support

the extraordinary and drastic remedy of a TRO.  Plaintiffs' Motion, ECF No. 3, is therefore DENIED.

It is so ORDERED and DATED this ___31st___ day of July 2023.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge