UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KARI SIEVERS, | Case No. 6:23-cv-01098-MK |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION** |
| STATE OF OREGON, *et al.*, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Kari Sievers brought this action against Defendants, State of Oregon, Oregon Health Plan, Oregon Health Authority, Oregon Health Authority Ombudsman, Lane County Department Developmental Disabilities Services, Regan Watjus, Duke, James Ewell, Devon, Keith Heath, and Roxann O'Brian, alleging violations of the Americans with Disabilities Act.

Page 1 — FINDINGS AND RECOMMENDATION

ECF No. 1. For the reasons stated below, the Court recommends that this action be dismissed without prejudice.

## FACTUAL BACKGROUND

Plaintiff filed this lawsuit on July 27, 2023. ECF No. 1. At the same time, she filed a Motion to File Pseudonymously, Motion for Leave to Proceed *in Forma Pauperis*, Motion for Emergency Injunction and Request for Disability Accommodations, and a "Request for Disability Accommodation in Federal Buildings Inclu [sic] District Courts". ECF Nos. 2-5. The Court ruled on these various motions in late July and early August, 2023. ECF Nos. 9-12.

On August 23, 2023, Plaintiff filed a notice of change of address. ECF No. 13.

On September 29, 2023, the Court received a notice of Plaintiff's appeal of the Court's decisions on her various motions. ECF No. 29. That same day, Plaintiff filed a second notice of change of address. ECF No. 29. In light of the pending appeal, the Court granted Plaintiff's request for a stay on October 2, 2023. ECF No. 21. On October 10, 2023, that order, and another one issued by the Court the same day, were returned undeliverable despite the Court's use of the most recent mailing address provided by Plaintiff. ECF Nos. 29, 30.

On October 12, 2023, the Ninth Circuit ordered Plaintiff, within 21 days, to move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction. ECF No. 31. Plaintiff was warned that her failure to comply would result in dismissal of the appeal. *Id*. After Plaintiff did not respond, the Ninth Circuit dismissed the appeal for failure to prosecute on November 29, 2023.

In light of the Ninth Circuit's Mandate, the Court lifted the stay of this action on January 23, 2024. ECF No. 32. Because Plaintiff's prior mail had been returned to the Court as undeliverable, the Court issued an order pursuant to Local Rule 83-12 requiring Plaintiff to file a

Page 2 — FINDINGS AND RECOMMENDATION

notice of change of address or show cause why this action should not be dismissed. *Id*. The order required Plaintiff to respond by February 13, 2024. *Id*. Plaintiff was warned that "[f]ailure to file a response to this Order will result in dismissal." *Id*. Plaintiff did not respond to the February 13, 2024 order to show cause and, on February 28, 2024, the Court recommended that the case should be dismissed. ECF No. 33.

On March 13, 2024, Plaintiff filed a motion to extend the time to file objections to the Court's Findings and Recommendation, noting that she had not received the Court's mail and it was being returned as undeliverable. ECF No. 35. She also filed a notice of change of address on March 27, 2024. ECF No. 39.

On April 4, 2024, in light of Plaintiff's reengagement in the case and update of her address, the Court vacated its Findings and Recommendation. ECF No. 41. The Court also noted and ordered as follows:

> [t]his case was filed July 27, 2023, and Defendants have not yet been served with a copy of the summons or a complaint as required by Fed. R. Civ. P. 4. Nor has Plaintiff prepared an original summons for each defendant and submitted it to the Clerk of Court for issuance as ordered by the Court on August 3, 2023…and as required by Local Rule 4. Therefore, in accordance with Fed. R. Civ. P. 4(m), Plaintiff is ORDERED to comply with the Court's August 3, 2023 Order…within 14 days of the date of this Order and must serve Defendants with a copy of the summons and complaint within 45 days of the date of this Order or show cause in writing why this case should not be dismissed for failure to prosecute.

*Id*. Plaintiff was warned that failure to timely respond may result in dismissal. *Id*. The order was mailed to Plaintiff the same day. As of the date of this order, Plaintiff has not submitted proposed summons or otherwise responded to the Court's April 4, 2024 show cause order.

## STANDARD

Federal Rule of Civil Procedure 41(b) allows for dismissal of an action for failure to prosecute. A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion. *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.

Page 3 — FINDINGS AND RECOMMENDATION

1984). "[D]ismissal for failure to prosecute is particularly appropriate when such a failure is coupled with disobedience to court orders or a disregard of established rules." *Gierloff v. Ocwen*, No. 6:15-cv-01311-MC, 2017 WL 815118, at *1 (D. Or. Mar. 1, 2017) (citation omitted).

In determining whether to dismiss for failure to prosecute or comply with a court order, the Court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

## DISCUSSION

Dismissal is appropriate in this case for at least two reasons. First, Plaintiff's failure to respond to the Court's show cause order itself weighs in favor of dismissing this action. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); Fed. R. Civ. P. 41(b).

Second, the *Pagtalunan* five-factor test also strongly favors dismissal based on Plaintiff's failure to prosecute her case. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket favor dismissal. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance . . . ."). This case was filed on July 27, 2023, yet Plaintiff has not yet submitted proposed summons despite the Court's instruction to do so on August 3, 2023, and again on March 4, 2024. *See* ECF Nos. 10, 41. The docket also reflects that Plaintiff has repeatedly failed to respond to court orders to show cause. *See* ECF Nos. 31, 32, 41. Given the age of the case and Plaintiff's repeated noncompliance with deadlines and Court orders, these factors weigh strongly in favor of dismissal.

As to the third factor, Plaintiff's failure to prosecute the case impairs Defendants' right to a decision in this case. Plaintiff has not responded to the Court's April 4, 2024 order to show cause and has "offered no clear explanations of what actions [s]he . . . took during the relevant time period[]," *Pagtalunan*, 291 F.3d at 643. While the Court vacated its prior Findings and Recommendation based on Plaintiff's reappearance in the case and representation that she had not received mail from the Court, the Court sent its most recent show cause order to the address Plaintiff had only just updated eight days prior, and the mail was not returned as undeliverable. Accordingly, the Court finds the third factor weighs in favor of dismissal. *Id.*

With respect to the availability of less drastic alternatives, the Court has already employed the less drastic alternative of issuing several show cause orders. Plaintiff failed to take advantage of this alternative despite being given more than one opportunity to do so. Accordingly, this factor also weighs in favor of dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (finding the requirement that court consider less drastic alternatives may be satisfied by warning the litigant that failure to obey court order will result in dismissal).

Finally, "[p]ublic policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal," *Pagtalunan*, 291 F.3d at 643, but only weakly because Plaintiff's failure to prosecute or to respond to the Court's orders to show cause severely impairs disposition on the merits, *see United States ex rel. Berglund v. Boeing Co.*, 835 F. Supp. 2d 1020, 1053–54 (D. Or. 2011). Importantly, the fifth factor alone cannot outweigh the other four. *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).

In sum, although public policy favors disposition on the merits, Plaintiff's failure to prosecute this case has obstructed the Court's ability to reach the merits. All other factors weigh

in favor of dismissal. Accordingly, the district judge should dismiss this action for failure to comply with the Court's show cause order and for lack of prosecution.

Rather than dismissing the case with prejudice, the Court should order dismissal without prejudice, allowing Plaintiff the possibility of filing a complaint in the future.

## RECOMMENDATION

For the reasons above, this case should be DISMISSED without prejudice and a judgment should be prepared.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 31st day of May 2024.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge